RICHARD HIBBARD, APPELLEE, v. F. W. TALMAGE,
APPELLANT.

[FILED JUNE 29, 1891.]

1. **Mechanics' Liens:** PLEADING. In an action to foreclose a
mechanic's lien, the defendant pleaded payment and set out cer-
tain checks, etc., to support his plea. The plaintiff in his reply
alleged that $150 of the amount so paid was for extra work (de-
scribing it) which had been performed on the building by the
plaintiff at the defendant's request. *Held*, That a motion to
strike this allegation out of the reply was properly overruled.

2. ——: ——. Where damages were claimed by the defendant
in his answer for a failure to complete the buildings in the time
specified, the plaintiff in his reply alleged that the delay was
caused by certain acts of the defendant (stating them) and not
by the fault of the plaintiff, *held*, properly pleaded.

3. **Evidence,** *held*, to sustain the judgment of the court below.

APPEAL from the district court for Buffalo county.
Heard below before HAMER, J.

*Thompson Bros.*, for appellant.

*R. A. Moore*, for appellee.

MAXWELL, J.

This action was brought by the plaintiff to foreclose a me-
chanic's lien on a building and lot in the city of Kearney.
The petition was filed in February, 1889. In March fol-
lowing the defendant filed an answer, in which he pleads
payment of the plaintiff's claim, and sets out certain re-
ceipts and checks to sustain his plea. He also pleads that
he sustained damages in a large amount by reason of the
failure of the plaintiff to complete his contract at the time
specified.

To this answer the plaintiff filed a reply, in which he al-

leges that $150 of the amount paid by the defendant to the plaintiff, as set forth in his answer, was for extra work on the building, performed by the plaintiff at the defendant's request, and that there is still due plaintiff on said contract the sum claimed in the petition. He also alleges in substance that the delay in the completion of the building was caused by such extra work, etc.

The defendant filed a motion to strike out of the reply the claim for extra work as being redundant. This motion was overruled, to which exceptions were taken, and the ruling is now assigned for error.

The court properly overruled the motion to strike out the matter referred to. It devolved on the plaintiff, where the receipt of the money was admitted, to show how it was to be applied. If all the money paid by the defendant to the plaintiff was not for work and labor performed under the original contract, the plaintiff should state in the reply for what purpose it was received. This is not a new cause of action. No lien is claimed for the extra work, and the plaintiff contends that it has been paid for. It was proper also in the reply to allege that the delay was caused by the extra work, in effect at the instance of the defendant, and that therefore the plaintiff was not liable for the delay.

Second—The testimony tends to show that the plaintiff entered into a contract to erect the building in question for the sum of $3,200; and a quantity of refuse building material then on the ground, of the value of $620, seems to have been included in the contract but not named therein. The extra work charged for consists in the taking down and rebuilding of a brick arch over one of the doorways of the building.

The court below found in favor of the plaintiff, and rendered judgment in his favor for the sum of $240, and decreed a foreclosure of the lien. This judgment is supported by a preponderance of the evidence, and we see no error in the record. It would subserve no good purpose

to review the testimony at length.    The judgment is right and is

AFFIRMED.

THE other judges concur.